UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA LEWIS,

    Plaintiff,

v.                                             Case No. 8:10-cv-611-T-30AEP

FLORIDA DEFAULT LAW GROUP, P.L.,

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorneys' Fees (Dkt. 53), and Defendant's Memorandum in Opposition (Dkt. 59). Upon considering the motion and response, the Court concludes that Plaintiff's motion should be granted in part, and denied in part, as stated herein.

### Background

Jennifer Darosa and Priscilla Lewis sued their employer Florida Default Law Group, P.L. ("Florida Default") for alleged violations of the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.* Specifically, they alleged that they were improperly denied overtime pay in violation of the Act. Defendant Florida Default countered that Darosa and Lewis were exempt employees, and therefore not subject to the FLSA's overtime pay requirements.

In its Summary Judgment Order (Dkt. 45), this Court held that Darosa was exempt as a matter of law, but that there existed a genuine issue of material fact as to whether Plaintiff

Lewis was exempt. As a result, this Court granted Defendant's Motion for Summary Judgment with respect to Darosa, but denied it with respect to Lewis. Subsequently, the parties settled Lewis's lawsuit, disposing of all remaining claims. Now, Plaintiff Lewis asks for attorneys' fees and costs for her successful prosecution of her FLSA claim. While the parties agree that Plaintiff Lewis is entitled to her reasonable attorneys' fees and costs, they disagree over the reasonableness of Plaintiff's claim for $23,605.00 in attorneys' fees and $5,932.53 in costs.

## Discussion

### A. Legal Standard

Under 29 U.S.C. §216(b), a prevailing FLSA plaintiff is entitled to an award of reasonable attorneys' fees and costs. A reasonable attorneys' fee amount is determined by first calculating the lodestar, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Excluded from the hours reasonably expended on litigation are hours spent on tasks that are excessive, redundant, or otherwise unnecessary. *Id.* at 434.

A reasonable hourly rate is determined using the prevailing market rate in the relevant community for lawyers of comparable skill, experience, and reputation. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996). The burden is on the fee applicant to establish, by specific and detailed evidence, the appropriate hours and hourly rates. *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). Notably, "the court may use its own expertise and judgment to make an appropriate independent

assessment of the value of an attorney's services." *Scelta v. Delicatessen Support Servs., Inc.,* 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002). Once the lodestar is calculated, the next step is to determine whether, for various reasons, an adjustment of the fee upward or downward is appropriate. *Hensley,* 461 U.S. at 434.

**B.     Are Plaintiff's Proposed Hourly Rates Unreasonable?**

Plaintiff contends that attorney Wolfgang Florin, who has practiced since 1991, should receive an hourly rate of $400 per hour, that attorney Gregory Owens, who has practiced since April 2008, should receive an hourly rate of $275 per hour, and that paralegal Gina Wuthrich (of unknown experience), should receive an hourly rate of $85 per hour. In support of these rates, Plaintiff submits affidavits of attorneys in Plaintiff's firm contending that these rates are reasonable. In addition, Plaintiff submits three recent orders awarding similar fee rates in FLSA cases (two default judgment orders and one order approving a joint motion for an FLSA settlement).

Defendant contends that Plaintiff's proposed fee rates are unreasonable. This Court agrees. Notably, beyond submitting affidavits from attorneys at their firm, Plaintiff's only evidence in support of the reasonableness of their requested fees are three *uncontested* orders awarding fees. Such awards are hardly convincing evidence of a reasonable market rate; consequently, the Court concludes that they should be given relatively little weight.

Indeed, Plaintiff's proposed fee rates are substantially higher than the amounts awarded in recent contested fee cases. *See, e.g., Campbell v. S. Florida Barbeque, Inc.,* 2:10-cv-623-FTM-29SPC (M.D. Fla. Nov. 30, 2011) (In FLSA case, attorney with twelve years

experience awarded rate of $275/hour, attorney with seven years experience awarded $150/hour); *Nipper v. Lakeland Hotel Investors, Ltd.,* 2010 WL 4941718, at *6 (M.D. Fla.) (In FLSA case, attorney with twenty years experience awarded rate of $250/hour, attorney with five years experience awarded $145/hour, attorney with three years experience awarded $112/hour, and paralegal with 15 years experience awarded $50/hour); *Comprehensive Care Corp., v. Katzman,* 2011 WL 2938268, at *3 (M.D. Fla) (In breach of contract case, attorneys with ten plus years of experience awarded $300/hour, attorneys with four to nine years experience awarded $200/hour, attorneys with less than four years experience awarded $150/hour, and paralegals awarded $75/hour); *Kearney v. Auto-Owners Ins. Co.,* 8:06-cv-595-T-24-TGW (M.D. Fla. April 21, 2011) (In auto accident case, attorney with thirty-two years experience awarded $300/hour, attorney with sixteen years experience awarded $225/hour, attorney with five years experience awarded $125/hour, and legal assistants awarded $60/hour).

     Recent decisions of this Court make it clear that the prevailing market rate in FLSA cases is significantly less than that claimed by Plaintiff; consequently, Plaintiff's rates should be reduced. Based upon the rates recently awarded by this Court, and the Court's independent judgment, the Court concludes that a reasonable rate for Wolfgang Florin (an attorney with approximately twenty years experience) is $300 per hour, that an appropriate rate for Gregory Owens (with less than four years experience) is $200 per hour, and that an appropriate rate for paralegal Gina Wuthrich is $85 per hour. Moreover, the Court concludes that no other factors support an increase in these rates in this particular case.

### C. Does Plaintiff Claim an Unreasonable Number of Hours?

Defendant contends that some of the time claimed by Plaintiff was not reasonably expended on this litigation. As a result, Defendant argues that it should be excluded.

First, Defendant contends that a time entry on March 30, 2010 (indicating that Plaintiff filed the Consent of Priscilla Lewis to join) should be excluded as it was not filed until April 13, 2010. While the date may be inaccurate, this Court notes that Wuthrich signed the consent on March 30, and accepts Plaintiff's contention that it performed this work. Thus, the Court will not exclude this 0.1 hours of work.

Second, Defendant contends that a January 21, 2011 entry (which states that Plaintiff filed a joint motion for extension of time) is inaccurate because the record shows that Defendant's counsel actually filed the motion. As it appears that Defendant, not Plaintiff, actually performed this work, this Court will exclude this 0.1 hours of work.

Third, Defendant contends that a single day entry of 39.9 hours to "research, file review and preparation of Plaintiffs' Response to Motion for Summary Judgment," should be excluded, and/or substantially reduced. While 39.9 hours of work by a single attorney was obviously not performed on one day, this Court accepts Plaintiff's revised breakdown, by day, of its work on its summary judgment motion. As a result, the Court will not exclude these 39.9 hours.

Fourth, Defendant contends that Plaintiff has improperly failed to remove all entries that were exclusively associated with the unsuccessful claims of Darosa. Specifically, Defendant contends that included time entries for the depositions of Don Clark, Tim Hutton,

Stephanie Coppin, and Nheth Reach should be excluded as these individuals allegedly were only associated with Darosa, and knew little to nothing about Lewis's activities.[1] Plaintiff counters that such individuals had relevant knowledge of Lewis's claims.

Upon reviewing the file, the Court finds that Don Clark, Tim Hutton, and Nheth Reach had virtually nothing to do with Lewis's claims (moreover, the Court notes that despite Plaintiff's representation to this Court that it intended to call all of these individuals as witnesses, neither Don Clark nor Tim Hutton appeared on either the Plaintiff's or the Defendant's witness list (*see* Dkt. 47)). In short, the Court determines that the deposition time entries for these three individuals should be excluded. On the other hand, the Court finds that Stephanie Coppin arguably possessed information relevant to Lewis's claims (notably, both parties intended to call her as a witness in Lewis's trial). Accordingly, time spent on Coppin's deposition will not be excluded.[2]

Fifth, Defendant argues that the time arguably spent in furtherance of the claims of both Plaintiffs should be reduced by two thirds as Plaintiff only prevailed on Lewis's, much smaller, claim. However, as this Court has already excluded all hours not related to Lewis's claim, the Court concludes that such a further reduction would be inappropriate. Indeed, the Court notes that the purpose of the FLSA attorney fee provision is to reward the successful prosecution of FLSA claims, and this Court declines to deter the prosecution of such claims

---

[1] Defendant also argues that a November 6, 2010 time entry for a phone call to Darosa (0.1 hours) should be excluded. This Court agrees.

[2] As the time entries for these four depositions are not segregated, the Court will exclude three fourths of the relevant time spent on these four depositions.

by reducing the reasonable fees of an FLSA Plaintiff who recovers the full value of her claim, as here.

### D. Calculation of Attorneys' Fees

Based on the above, attorney Florin's claimed 1.8 hours should be maintained, Owens' claimed 78.6 hours should be reduced by 5.325 hours to yield a total of 73.275 hours, and Wuthrich's claimed 14.2 hours should be reduced by 0.2 hours to 14.0 hours. Multiplied by the reduced reasonable rates of $300/hour for Florin, $200/hour for Owens, and $85/hour for Wuthrich, yields a total award of attorneys' fees of $16,385.00.

### E. Costs

Plaintiff requests 5,932.53 in taxable costs associated with the litigation in this case. Defendant contends that a reduction in costs is appropriate. First, Defendant contends that the $1,788.95 deposition fees for Don Clark, Stephanie Coppin, Tim Hutton, and Nheth Reach should not be recoverable as these depositions did not relate to the claims of Lewis. As this Court has already determined that three of the four depositions did not so relate, it will reduce Plaintiff's award of costs by three fourths of this amount, which comes to a reduction of $1,341.71 (the $1,788.95 entry was not segregated).

Second, Defendant contends that the $290.70 in costs for the transcript from Darosa's deposition is not taxable. This Court agrees.

Third, as mediation costs are not listed in the list of taxable costs in 28 U.S.C. § 1920, the listed $330.00 in mediation fees should be excluded.

After subtracting the above amounts, Plaintiff should recover costs of $3,970.12.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff Priscilla Lewis's Motion for Attorneys' Fees (Dkt. 53) is granted in part, and denied in part as stated herein.

2. Plaintiff Priscilla Lewis is entitled to attorneys' fees and costs in the total amount of $20,355.12.

**DONE** and **ORDERED** in Tampa, Florida on January 26, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-611.maf.wpd